FILED

MAY 19 2020

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

NOS 480
COA 15:1681

UNITED STATES DISTRICT COURT
**Northern** DISTRICT OF **West Virginia**

**William J. Jonas II**
Plaintiff(s),

v.

**Mark McLean, CEO of Paramount Recovery Systems**
Defendant(s).

Civil Case No. **1:20cv100**

Kleeh
Aloi

## CIVIL COMPLAINT

A. **JURISDICTION**

1. This Court has Federal jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendant violated the Fair Debt Collections Practices Act("FDCPA") because:

   a) The plaintiff is an individual residing in and a citizen of the state of **West Virginia, situated in the county of Gilmer.**

   b) The defendant is a corporation organized and existing under the laws of the State of **Texas** with its principle place of business in **Waco, Texas**.

   c) There is a complete diversity of citizenship between plaintiff and the defendant.

B. **DEFINITIONS**

2. The plaintiff, **William J. Jonas II** is a "consumer" and is defined by 15 U.S.C. § 1692(a)(3), as "any natural person obligated or allegedly obligated to pay any debt."

3. The defendant, **Mark McLean** is a "debt collector" and is defined by 15

1. U.S.C. § 1692(a)(6), as "any person who used instrumentality of interstate commerce or the mails in any business, the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly any debts owed or due or asserted to be owed or due another."

C. STATEMENT OF THE CASE

4. On November 5th, 2019, the plaintiff obtained a copy of his consumer report from Equifax Information Services, Experian Information Solutions, and Trans Union Corporation which revealed that Mark McLean ("defendant") had placed an entry on plaintiffs consumer report which communicated that the plaintiff allegedly had an account in default with the defendant in the amount of $ 4,217 by assignment from Dimmit Regional Hospital dated 12-18-2015. See Exhibit B.

5. On 4-13-2020, the defendant took receipt of plaintiffs "Notice Of Relief", requesting the defendant validate the alleged debt pursuant to the Fair Debt Collection Practices Act("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt which is numbered 7019 0700 0000 5734 4355 and attached as Exhibit A. It should be noted that the defendant refused to respond to plaintiffs validation request.

D. CLAIM ONE

6. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act when the defendant reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that the plaintiff is in default with the defendant in the amount of $ 4,217 through assignment from Dimmit Regional Hos. See Exhibit B.

7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, "The FDCPA prohibits the false representation of the "character, amount, or legal status" of any debt § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to create liability under this section. Clark, 460 F.3d at 1176."

8. The defendant intended to manipulate the plaintiff by falsely representing that the alleged debt which is a violation of the Fair Debt Collection Practices Act. This constitutes a violation of the "Act" as a matter of law.

9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

### E. CLAIM TWO

10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the Fair Debt Collection Practices Act when the defendant communicated false information concerning the alleged debt that the plaintiff never owed to the defendant, nor had the alleged debt been assigned to the defendant. The defendant communicated to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation false information, stating that the defendant had been assigned to collect said debt from the plaintiff, and the plaintiff was in default for $ _4,217_ to the defendant. See Exhibit B.

11. Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007) states, "in order to sustain a section 1692e(8) claim, a party must show that a debt collector communicated or threatened to communicate credit information which they knew or should have known was false, including failing to communicate that debt was disputed." _Mark McLeon_ never had a valid assignment authorizing

them to pursue and report to credit bureaus the alleged debts associated with the plaintiff.

12. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

### F. CLAIM THREE

13. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692C(10) of the Fair Debt Collection Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

14. Heathmen v. Portfolio Recovery Assoc., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violates section 1692e(10) if it 'use[s]...a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

15. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

### G. CLAIM FOUR

16. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collection Practices Act when the defendant communicated the false representation that the alleged account was turned over to _Mark McLean_ for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation. **See Exhibit B.** The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

17. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits "The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debt would be "deceived or misled by the misrepresentation", quoting Wade v. Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

18. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

H. CLAIM FIVE

19. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the defendant unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that __Mark McLean__ obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with the attempt to force the plaintiff to pay the $__4,217__ allegedly owed.

20. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law."

Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

I. **CLAIM SIX**

22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act when defendant refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives *Mark McLean* the legal right to pursue and report to credit bureaus the alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt # *7019 0700 0000 5739 4355*, which is attached as **Exhibit A**.

23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." By *Mark McLean* refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is

in violation of section 1692g(b).

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

### J. CLAIM SEVEN

25. The plaintiff asserts that the defendant violated section 623 of the Fair Debt Collection Practices Act("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on __4-13-2020__ Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").

See Exhibit A.

26. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA").

### K. CLAIM EIGHT

27. Plaintiff asserts that defendant violated section 807(8) of the Fair Debt Collection Practices Act("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on __4-13-2020__ Therefore, the defendant is in direct violation of section 623 of the ("FDCPA").

**Exhibit B.**

28. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA").

### L. CLAIM NINE

29. The plaintiff asserts that the defendant violated section 605(c) of the Fair Debt

Collection Practices Act("FDCPA") when they "Re-Aged" the alleged account by reporting the date of the last activity instead of the date of the first delinquencies. The defendant "Re-Aged" the alleged account in hopes of circumventing the Statute Of Limitation Laws set forth in which an alleged account can be collected. The defendant is in direct violation of section 605(c) of the ("FDCPA").

**Exhibit A.**

30. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 605(c) of the ("FDCPA").

**M. CLAIM TEN**

31. Plaintiff asserts that the defendant violated section 811(a)(2) of the Fair Debt Collection Practices Act("FDCPA"). According to section 811(a)(2) of the ("FDCPA"), a collector must be in the county in which the alleged debtor lives when the alleged debtor signed for the debt. The defendant does not live or reside in the county which the plaintiff lives and resides. Therefore, the defendant is in direct violation of section 811(a)(2) of the ("FDCPA").

32. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 811(a)(2) of the ("FDCPA").

**N. CLAIM ELEVEN**

33. The plaintiff asserts that the defendant violated section 806 of the Fair Debt Collection Practices Act("FDCPA") which states that the collection agencies cannot use any kind of harassment or abuse to collect an alleged debt. The defendant persistently harassed the plaintiff by continuously reporting erroneous, derogatory, and inaccurate information on the plaintiffs consumer reports. Therefore the defendant

is in direct violation of section 806 of the ("FDCPA").

34. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 806 of the ("FDCPA").

### O. CLAIM TWELVE

35. Plaintiff asserts that the defendant violated section 809(b) of the Fair Debt Collection Practices Act("FDCPA") per the Federal Trades Commission("FTC") opinion letter Cass from LeFevre, when they did not validate the alleged debt and still continued to report this invalidated alleged debt to the credit bureaus. The defendant is in direct violation of section 809(b) of the ("FDCPA").

36. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 809(b) of the ("FDCPA").

### P. DAMAGES

37. 15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise prohibited by this section, any debt collector who fails to comply with any provision of this title [15 USCS §§ et seq] with respect to any person is liable to such a person in an amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00, per violation.

### Q. REQUESTED RELIEF

#### CLAIM ONE:

A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00 for the false representation of debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

CLAIM TWO:

A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is $1,000.00 for submitting false information to each of the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation by the defendant.

TOTAL DAMAGES: + $3,000.00

CLAIM THREE:

A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is $1,000.00 for the false communication by the defendant to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

CLAIM FOUR:

A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is $1,000.00 for the false representation by the defendant regarding the plaintiffs alleged debt reported to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

CLAIM FIVE:

A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is $1,000.00 for the unconscionable means used by the defendant to attempt to collect on a debt by the plaintiff. This includes reporting to three major consumer reporting agencies: Equifax

1  Information Services, Experian Information Solutions, and Trans Union Corporation of

2  the unconscionable means to collect.

3  **TOTAL DAMAGES: + $3,000.00**

4                         **CLAIM SIX:**

5  A violation of 15 U.S.C. § 1692g(b) of the ("FDCPA") is $1,000.00

6  for refusing to validate the alleged debt that the defendant reported to the three consumer

7  reporting agencies: Equifax Information Services, Experian Information Solutions, and

8  Trans Union Corporation.

9  **TOTAL DAMAGES: + $3,000.00**

10                        **CLAIM SEVEN:**

11 A violation of section 623 of the ("FDCPA") is $1,000.00

12 for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

13 Information Services, Experian Information Solutions, and Trans Union Corporation.

14 **TOTAL DAMAGES: + $3,000.00**

15                        **CLAIM EIGHT:**

16 A violation of section 807(8) of the ("FDCPA") is $1,000.00

17 for refusing to report a disputed debt to the three consumer reporting agencies: Equifax

18 Information Services, Experian Information Solutions, and Trans Union Corporation.

19 **TOTAL DAMAGES: + $3,000.00**

20                        **CLAIM NINE:**

21 A violation of section 605(c) of the ("FDCPA") is $1,000.00

22 for continuously reporting date of last activity in order to "Re-Age" the alleged account

23 to the three consumer reporting agencies: Equifax Information Services, Experian

Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM TEN:

A violation of section 811(a)(2) of the ("FDCPA") is $1,000.00 for the defendant not living or residing in the county in which plaintiff lives and resides when alleged debtor signed the debt and reporting it to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM ELEVEN:

A violation of section 806 of the ("FDCPA") is $1,000.00 for harrassment and abuse to plaintiff by continuously reporting erroneous, derogatory, and inaccurate information to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

### CLAIM TWELVE:

A violation of section 809(b) of the ("FDCPA") is $1,000.00 for failing to validate the alleged debt and harrassment and continued to report to the three consumer reporting agencies: Equifax Information Services, Experian Information Solutions, and Trans Union Corporation.

TOTAL DAMAGES: + $3,000.00

38. The total amount of damages requested by the plaintiff is **$36,400.00.**

1   39. The $400.00 added is the court cost associated with this action.

2   I __William J. Jones III__, hereby declare under penalty of perjury

3   in the state of __West Virginia__, that the information stated above and any

4   attachments to this form is true and correct.

5   DATED: __5-10-2020__        BY:/s/ _[signature]_

6                                Name: