IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**WILLIAM J. JONAS, III,**

    Plaintiff,

v.                                         CIVIL ACTION NO.: 1:20-CV-100
                                                  (JUDGE KLEEH)

**MARK MCLEAN,**
**CEO of Paramount Recovery Systems,**

    Defendant.

### REPORT AND RECOMMENDATION RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS [ECF NO. 22] BE GRANTED

This matter before the Court is pursuant to Defendant Mark McLean, CEO of Paramount Recovery Systems' Motion to Dismiss Complaint, filed on December 14, 2020. [ECF No. 22]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

### I.    RELEVANT PROCEDURAL HISTORY

On May 15, 2020, *pro se* Plaintiff William J. Jonas, III, an inmate at FCI Gilmer, filed the Complaint herein. [ECF No. 1].

Within his Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collections Practices Act ("FDCPA") in twelve different ways, including communicating false information and false representations about Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where Plaintiff lives, harassing Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 1].

On December 14, 2020, Defendant filed the pending Motion to Dismiss. [ECF No. 22]. On December 15, 2020, the Court issued a *Roseboro* notice to Plaintiff informing him that a response to the motion to dismiss must be filed within 21 days of the date of the notice. [ECF No. 23]. The *Roseboro* notice was delivered on December 18, 2020. [ECF No. 24].

On January 25, 2021, Plaintiff filed a request that the Court continue any deadlines for any response he must file to December 31, 2021, as well as refrain from any rulings adverse to Plaintiff until that same date or later. [ECF No. 26]. Plaintiff cited issues as to availability of, and access to, resources in the institution in which he currently is incarcerated. These issues are related to the COVID-19 pandemic. On January 27, 2021, the Court entered an order by which it denied Plaintiff's request and ordered Plaintiff to show cause, within 14 days of receipt of the order, why Defendant's motion to dismiss should not be granted and why this matter should not be dismissed without prejudice. [ECF No. 27]. The order was delivered on January 29, 2021. [ECF No. 28]. The Court has received nothing from Plaintiff to show cause as ordered.

## II.   DEFENDANT'S CONTENTIONS

Defendant moves for Plaintiff's Complaint be dismissed because (1) Plaintiff has failed to show this Court's personal jurisdiction over Defendant, and (2) the Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act on which relief can be granted . [ECF No. 22-2].

### A. Personal Jurisdiction

Personal jurisdiction may arise from either general jurisdiction or specific jurisdiction. Defendant argues that there is neither here. First, Defendant argues that the Complaint fails to establish general jurisdiction by failing to show how Defendant himself is engaged in continuous, systematic activity in the State of West Virginia. Defendant also argues that any allegations about

Paramount Recovery Systems ("Paramount") do not establish general jurisdiction because (i) the Complaint does not allege a sufficient amount of activity to demonstrate general jurisdiction over Paramount and (ii) Paramount's activities are not attributable to Plaintiff.

Second, Plaintiff argues that the Complaint does establish specific jurisdiction because Plaintiff has not done anything "to purposefully avail himself of the privilege of conducting activities in West Virginia." [ECF No. 22-2 at 5]. Plaintiff points to an affidavit accompanying his motion [ECF No. 22-1] to establish that he does not do business in West Virginia as an individual, owns no West Virginia property (real or personal), and does not direct activity in the state in his individual capacity. Moreover, according to Defendant, any activity he directed toward West Virginia as an officer or employee of Paramount do not give rise to Plaintiff's claims here. Finally, Defendant argues there are not sufficient minimum contacts to save Plaintiff's claims from the jurisdictional defects they otherwise have.

### B. FDCPA

Defendant argues that the Complaint should be dismissed under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief can be granted because the FDCPA does not define a debt collector to be the officer or employee of a creditor. Because Defendant here is not a creditor, but rather is only the officer or employee of one, the argument goes, no claim lies against Defendant under FDCPA.

### III. ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d

3

1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### A. Personal Jurisdiction

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately a plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). See also New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). In determining whether a plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the requirements of the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the

4

normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d 619, 627–28 (4th Cir. 1997) (citation omitted). Therefore, the Court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well-established that the exercise of personal jurisdiction over a non-resident defendant is consistent with the Due Process Clause if such a party has sufficient "minimum contacts" with [the forum] such that the maintenance of the suit does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). When assessing the "minimum contacts," courts should consider whether a "defendant's contacts with the forum also provide the basis for the suit." Carefirst, 334 F.3d at 397.

If a defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

In cases involving corporate agents, "[w]hen a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, 'under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous

5

to support jurisdiction over the agent personally.'" Bison Resources Corp. v. Antero Resources Corp., No. 1:16-CV-107-FPS, 2018 WL 701295, at * 7 (N.D. W.Va. Feb. 2. 2018) (quoting Columbia Briargate Co. v. First Nat. Bank in Dallas, 713 F.2d 1052, 1056 (4th Cir. 1983)). This is known as the "fiduciary shield" doctrine. Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (citing Bulova Watch Co. v. K. Hattori & Co., 508 F.Supp. 1322, 1347 (E.D.N.Y.1981)). It is well established that "'[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation' [and] '[p]ersonal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state.'" Progressive Minerals LLC v. Rashid, No. 5:07-CV-108, 2008 WL 4416408, at *5 (N.D.W. Va. Sept. 24, 2008) (quoting Harte–Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc., 299 F.Supp.2d 505, 513 (D.Md.2004)).

 Here, personal jurisdiction does not exist. Defendant does not have any personal contacts with the State of West Virginia nor did he conduct any activities aimed at the State of West Virginia. According to Defendant's affidavit [ECF No. 22-1], Defendant has "no personal contacts with the State of West Virginia in my individual capacity." [ECF No. 28-1 at 2]. Further, Defendant states that Paramount is a limited partnership formed under Texas law, and that Paramount's principal place of business is in Waco, Texas. [ECF No. 22-1, at 1-2]. Moreover, according to Defendant, while he is an officer and employee of Paramount, he is only a limited partner with Paramount, and thus does not control its business affairs. Id. To the extent which Defendant performs duties on Paramount's behalf, he does so in his official capacity as Paramount's officer and employee, not in his individual capacity. [ECF No. 22-1].

6

Based on all the foregoing, the Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia for personal jurisdiction nor has he "purposefully availed" himself to the jurisdiction. See International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise, because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. See Helicopteros, 466 U.S. at 415. Accordingly, the undersigned finds that this Court does not have specific or general jurisdiction in this matter.

## 2. FDCPA

An action may be dismissed for "failure to state a claim upon which relief can be granted" upon motion by Defendant. Fed. R. Civ. P. 12(b)(6). Critically, here, the FDCPA claims cannot proceed as a matter of law because officers and employees such as Defendant are not defined as creditors potentially subject to liability under the FDCPA.

Here, as set forth in Defendant's affidavit [ECF No. 22-1], and not refuted by Plaintiff, Defendant is an officer and employee of Paramount. Defendant himself is not the creditor. Under the FDCPA, a "debt collector" is defined as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include--
>
>     (A) <u>any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor</u>;

15 U.S.C. § 1692a(6) (emphasis added). Defendant here, according to his affidavit, performs duties for Paramount in his official capacity as Paramount's officer and employee, not in his individual capacity. [ECF No. 22-1]. There is nothing Plaintiff has shown to conclude otherwise. Thus, the undersigned discerns no claim upon which relief can be granted as to Defendant here.

## IV. CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Complaint [ECF No. 22] be **GRANTED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

Respectfully submitted March 1, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE