**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg**

**WILLIAM J. JONAS, III,**

Plaintiff,

v.                                                                    **Civil Action No. 1:20-CV-100**
                                                                        Judge Kleeh

**MARK McLEAN,** CEO of Paramount
Recovery Systems,

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and

Recommendation of United States Magistrate Judge Aloi [Doc. 30].   Pursuant to this

Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a

proposed report and a recommendation ("R&R").   Magistrate Judge Aloi filed his R&R on

March 1, 2021, wherein he recommends that defendant's Motion to Dismiss Complaint

[Doc. 22] be granted and plaintiff's Complaint [Doc. 1] be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo*

review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or

recommendation to which no objections are addressed.   ***Thomas v. Arn***, 474 U.S. 140,

150 (1985).   Nor is this Court required to conduct a *de novo* review when the party makes

only "general and conclusory objections that do not direct the court to a specific error in the

magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order.  28 U.S.C. § 636(b)(1);  ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989);  ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist.  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972);  ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary."  ***Green v. Rubenstein***, 644 F.Supp.2d 723, 730 (S.D. W.Va. 2009) (emphsis added) (citing ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982)).  "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  ***Williams v. New York State Div. of Parole***, 2012 WL 2873569, at *2 (N.D. N.Y. July 12, 2012).

If a party lodges an objection lacking adequate specificity, said objection is deemed waived for purposes of this Court's review of the R&R.  *See **Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by

legal authority, [are] not sufficient." **Mario**, 213 F.3d at 766.  Pursuant to the Federal Rules

of Civil Procedure and this Court's Local Rules, "referring the court to previously filed

papers or arguments does not constitute an adequate objection." **Id**.; *see also* Fed. R. Civ.

P. 72(b); LR PL P 12.

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days

of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure.  Plaintiff timely filed his Objections to Magistrate Judge Aloi's R&R on March

15, 2021.  Accordingly, this Court will review the portions of the R&R to which objection

was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed

for clear error.

Plaintiff offers four (4) objections.  First, he objects to the January 27, 2021 Order

denying him a continuance based on the COVID-19 pandemic.  *See* [Doc. 33 at 1].

Second, plaintiff states that the R&R notes that the Court has not received anything from

plaintiff to show cause but "ignores that the very circumstances outlined by Plaintiff . . .

show [why] cause responses are impossible."  *See* [Id.].  Third, plaintiff states that

defendant's own conduct and that of authorized representatives has admitted personal

jurisdiction.  *See* [Id.].  Fourth, plaintiff states that defendant's own conduct and that of

authorized representatives confirms the validity of his claims.  *See* [Id.].  None of plaintiff's

objections are briefed or supported with legal authority.  Plaintiff's first objection is to an

Order this Court entered on January 27, 2021; this objection is not specific to the R&R.

Plaintiff's last three objections are unspecific, are devoid of any reference to specific

findings or recommendations and are unsupported by legal authority.  Because plaintiff's

objections do not constitute adequate objections, plaintiff's objections fail to merit *de novo* review from this Court, and therefore, this Court is under no obligation to conduct a *de novo* review as to any objection to the R&R.

Having reviewed the remainder of the R&R for clear error, it is the opinion of this Court that the Report and Recommendation [**Doc. 30**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's objections [**Doc. 33**] are hereby **OVERRULED**. Accordingly, this Court further **ORDERS** that defendant's Motion to Dismiss Complaint [**Doc. 22**] be **GRANTED** and plaintiff's Complaint [**Doc. 1**] be **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: September  28  , 2021.

*Thomas S. Kleeh*
_____
**THOMAS S. KLEEH**
**UNITED STATES DISTRICT JUDGE**